**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CARRIE DAVIS** | : | CASE NO.: 1:19-CV-00455 |
| c/o Godbey Law LLC | : | |
| 708 Walnut Street, Suite 600 | : | JUDGE: |
| Cincinnati, Ohio 45202, | : | |
| | : | |
| Plaintiff, | : | |
| -vs- | : | |
| | : | |
| **COLERAIN TOWNSHIP** | : | |
| 4200 Springdale Road | : | |
| Cincinnati OH 45251 | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE,**
**AND MONETARY RELIEF**

Plaintiff Carrie Davis states the following for her Complaint and Request for Declaratory, Injunctive, and Monetary Relief against Defendant Colerain Township:

**INTRODUCTION**

1. This is a lawsuit, brought under 42 U.S.C. 1983 and 1988, to remedy violations of Plaintiff Carrie Davis' right to access and petition her government representatives and to freely express her opinion as to matters of political and public concern. Colerain Police Department voluntarily created, maintains, and operates a Facebook Page, entitled "Colerain Police," where it disseminates information to the public and receives public commentary. Chief Denney is the final decision-maker regarding the content of this Facebook Page, and the Facebook Page is under complete government control. On April 24, 2019, Chief Denney posted an update on the Colerain Police Facebook page that was critical

1

of a statement previously offered by Davis at a public meeting. Believing Chief Denney's post to misrepresent her position, Davis then posted video footage in a comment to Chief Denney's post. The video footage challenged the veracity of Chief Denney's initial post. In response, Defendant then deleted Davis's reply because of its viewpoint and altered the settings of the Colerain Police Facebook page to prohibit reposting the video.

## PARTIES

2. Plaintiff Carrie Davis ("Davis") is a resident of Colerain Township in Hamilton County, Ohio.

3. Defendant Colerain Township ("Defendant") is the political subdivision, which includes the Colerain Police Department.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and Davis' claims are brought under U.S.C.§ 1983 and the First and Fourteenth Amendments of the U.S. Constitution.

5. Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or a substantial amount of the events giving rise to Davis' claims occurred within this District.

## STATEMENT OF FACTS

6. Davis resides in Colerain Township, Ohio.

7. Defendant Colerain voluntarily created and currently maintains a Facebook page titled "Colerain Police."

8. Defendant Colerain permits Police Chief Mark Denney to administer this Facebook page, decide its contents, and manage public comments and content on the page.

9. Defendant uses this Facebook page to discuss its policies, announce its events, and even address citizens' concerns or criticisms. The public is permitted to comment on Defendant's Facebook posts.

10. Defendant further uses the Facebook page to conduct criminal investigations and other administrative tasks.

11. For example, Defendant uses the Facebook page to post images of suspects requesting information for investigations.

12. Defendant also uses the Facebook page to provide updates on investigations.

13. On April 24, 2019, Chief Denney posted in Defendant's Facebook page complaining that a "citizen commented that most of our officers do not have college degrees . . ."

14. Chief Denney then stated statistics showing how many police officers working for Defendant have college degrees.

15. Ms. Davis follows this Facebook page, and she knew Defendant's post related to her.

16. Ms. Davis had previously appeared at a public meeting to offer public criticism of the Colerain government, but she did not question the education levels of its police officers.

17. Because Ms. Davis felt Defendant's post was not true, Ms. Davis commented on the post and wrote that Defendant's post was not accurate.

18. Ms. Davis included the video that recorded her prior statement in her Facebook comment.

19. This video showed that Davis had not called the police uneducated, and it attacked Chief Denney's veracity.

20. Chief Denney then exercised his decision-making power to delete Ms. Davis' post because Chief Denney and Defendant disagreed with her viewpoints and the content of her message.

21. Davis and others then commented about the video, and there were comments discussing the video that Defendant deleted from the comment thread.

22. It is believed that Chief Denney and Defendant have deleted more replies based upon their content and viewpoints in both this and other threads.

23. Regarding this specific thread, the public offered 139 comments in reply to Defendant's April 24, 2019 post.

24. However, only 112 comments still appear on Defendant's Colerain Police Facebook Page.

25. In addition, since Davis posted the video challenging Defendant's veracity, Chief Denney and Defendant have blocked various forms of expression.

26. Specifically, the public can no longer post images or videos in their comments on the Colerain Police Facebook page.

27. However, Defendant and its agents can post its own images and videos discussing their accomplishments.

28. More importantly, Defendant was permitting people to posts photographic expression up until the time that Davis challenged Defendant's veracity.

29. Defendant did not see the need to block images or videos until after Davis used a video to challenge Chief Denney's veracity.

30. Thus, in addition to silencing Davis' expression challenging Defendant's veracity, Defendant has now restrained the public's expression with no justification other than the content of that expression.

31. As is well-known, Facebook does not limit space, and there are no efficiency or time limitations that could affect public communication on the Facebook page.

32. Defendant has also promulgated rules for expression on its Facebook page, separate from the general terms and conditions of Facebook, that are vague, overbroad, and content-based.

33. Defendant's Facebook Rules specifically target the content of expression offered by the general public.

34. Under the Colerain Police Facebook Rules, Defendant states that the Police Department "reserves the right to remove and/or block anyone who posts inappropriate material as determined by the Colerain Police Department." (Exhibit 1")

35. Defendant does not define what "inappropriate" means.

36. Defendant also "reserves the right to remove any comments/reviews that are *inappropriate* or *offensive* . . ." (*Id.*) (emphasis added).

37. Defendant does not allow what it deems as "personal attacks" of its employees. (*Id.*)

38. Thus, the public is barred from criticizing Defendant's agents and employees.

39. Defendant's restraint of criticism is not limited to Facebook.

5

40. In addition to Defendant banning criticism of its employees on Facebook, Defendant's Trustees also restrain speech that it finds disrespectful to its Board members or employees during its public meetings.

41. When Ms. Davis publicly criticizes the conduct of certain Board members and employees, the Board tells her that she must be respectful, it interrupts her, and restrains speech Defendant deems disrespectful.

42. Defendant's Rules for Public Participation passed in 2010 also facially attack viewpoints from public speakers.

43. Specifically, Defendant's Rules of Public Participation during its meetings demand "respect" towards its Board members.

44. The Rules do not define the word "respect," and it is not an objective term.

45. Moreover, the Public Participation Rules restrain speech that the Board finds "condescending."

46. Defendant therefore regulates and restrains public speakers when Defendant feels the speakers are disrespectful or talking down to its officials or employees.

47. Defendant relies on these vague and content-based Rules to restrain certain protected critical expression related to its officials and agents.

48. Ms. Davis speaks at public meetings and uses Defendant's Facebook forums and wishes to do so without unlawful restraint in the future.

**STATEMENT OF CLAIMS**

**Count 1
42 U.S.C.§ 1983 – First Amendment Violation
(freedom of speech)**

6

49. Ms. Davis restates all previous paragraphs.

50. Ms. Davis is interested in local government, and she engages in protected expression regarding matters of public concern.

51. Defendant Colerain's Police Facebook page is a public forum because Defendant created the page, Defendant manages the content, and Defendant uses the Facebook page to conduct its business through policy announcements, event announcements, to perform its duties, and to even address citizen concerns and criticisms.

52. Defendant's Facebook page includes Rules which are vague, overbroad, content-based and facially unconstitutional.

53. Defendant's Facebook Rules give Defendant and its Chief the unbridled discretion to remove users or comments, which it finds "inappropriate," "offensive," or a "personal attack," offer no objective basis for interpretation and/or understanding for the public.

54. In addition, Defendant's Rules are overbroad and prohibit speech which is constitutionally protected.

55. Defendant's Rules also unconstitutionally restrain expression through content-based regulations regarding what it deems inappropriate or offensive.

56. Defendant has in the past restrained and censored speech based on its content and now bans the public from presenting protected expression in the form of images and videos.  But Defendant itself can still post criticisms, policies, and other self-promoting expression using imagery and video.

57. Because Facebook does not limit space, Defendant has no compelling or substantial interest in restraining the public from posting imagery or video in comments on its Facebook page other than to restrain future photographic or video criticism of its policies, announcements, or performance.

58. Defendant has restrained Davis' expression and retaliated against her because of her viewpoints and posting criticisms of Chief Denney's veracity.

59. Defendant's Facebook Rules and its deletion of Davis' reply violate the First Amendment to the United States Constitution.

60. Likewise, Defendant's Rules of Public Participation during its Trustee meetings are unconstitutionally content-based and vague.

61. Defendant's restraint of speech it finds "disrespectful" is purely subjective and without any objective standard the public could understand.

62. Defendant's restraint of language it finds "condescending" is facially content-based and dependent on a viewpoint analysis.

63. Defendant's Rules of Public Participation are facially unconstitutional, and Defendant relies on these Rules to restrain protected speech.

64. Defendant's restraints on speech generally are vague, overly broad, viewpoint-based, and content-based.

65. Davis is entitled to compensatory damages, attorney fees, litigation costs, and all expenses associated with this Action.

66. Davis further seeks an order from this Court to enjoin Defendant from enforcing its unconstitutional Facebook and Public Participation Rules, from continuing to punish Davis for engaging in protected speech, from chilling her speech, and from enforcing unlawful prior restraints on Davis' speech.

## DEMAND FOR RELIEF

**Wherefore** Davis respectfully requests that this Court issue judgment in her favor on all counts and award her the following relief:

a. A declaration that Defendant's actions constitute a violation of Davis' First Amendment rights;

b. A declaration that Defendant's Facebook Rules and Rules of Public Participation are facially unconstitutional;

c. Compensatory damages;

d. Injunctive relief precluding Defendant from deleting or blocking Davis' posts;

e. Injunctive relief enjoining Defendant from enforcing its facially unconstitutional Rules unlawfully restraining protected expression;

f. An award of reasonable attorney fees pursuant to 42 USC 1988;

g. Litigation costs and expenses; and

h. Any other actual damages or equitable relief the Court deems fit under the circumstances.

Respectfully Submitted,

*/s/ Matt Miller-Novak*
Matthew-Miller Novak (0091402)
Robert L. Thompson (0098126)
708 Walnut Street, Suite 600
Cincinnati, Ohio 45202
P: 513-241-6650
F: 5153-241-6649
E: Matt@godbeylaw.com

and

*/s/ Jennifer Kinsley*
Jennifer M. Kinsley (0071629)
KINSLEY LAW OFFICE
Post Office Box 19478
Cincinnati, OH 45219
P: 513-708-2595
E: kinsleylawoffice@gmail.com

*Attorneys for Plaintiff Carrie Davis*